```
___FILED      ___ENTERED
___LODGED     ___RECEIVED

       DEC 28 2007     DB

            AT SEATTLE
       CLERK U.S. DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
                                DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUMMIT CAPITAL GROUP, LLC, a Washington limited liability company; SUMMIT CAPITAL PARTNERS, LP, a Delaware limited partnership; SUMMIT CAPITAL PARTNERS I, LLC, a Washington limited liability company; SUMMIT CAPITAL MANAGEMENT LLC, a Washington limited liability company; SUMMIT CAPITAL STRATEGIES LLC, a Washington limited liability company; SUMMIT SPECIAL SITUATIONS FUND, LP, a Washington limited partnership; and SUMMIT WORLD PARTNERS FUND, LP, a Washington limited partnership,

           Plaintiffs,

v.

SUMMIT PARTNERS, LP, a Delaware limited partnership,

           Defendant.

No. C07-2082 RSL

COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT AND NON-DILUTION OF TRADEMARK



07-CV-02082-CMP

Plaintiffs Summit Capital Group, LLC, Summit Capital Partners, LP, Summit Capital Partners I, LLC, Summit Capital Management LLC, Summit Special Situations Fund, LP, and Summit World Partners' Fund, LP (collectively "Plaintiffs" or "Summit Capital Group") seek declaratory relief against defendant Summit Partners, LP ("Defendant" or "SP") of non-infringement and non-dilution of trademark and allege as follows:

COMPLAINT FOR DECLARATION OF
NON-INFRINGEMENT AND NON-DILUTION OF
TRADEMARK - 1
Case No.

ORIGINAL

122606.0002/682060.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## JURISDICTION AND VENUE

1. This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendant because, among other things, upon information and belief, Defendant does business and has done business, including the distribution or sale products or services within the State of Washington under the tradename that is the subject of this litigation, has engaged in acts or omissions within this state causing injury, has engaged in acts or omissions outside of this state causing injury within this state, has manufactured or distributed products or services used or consumed within this state in the ordinary course of trade, or has otherwise made or established contacts within this state sufficient to permit the exercise of personal jurisdiction.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to Summit Capital's claims occurred within this district.

## PARTIES

4. Summit Capital Group, LLC, is a limited liability company organized and existing under the laws of the state of Washington, with its principal place of business in Seattle, Washington.

5. Summit Capital Partners, LP, is a limited partnership organized and existing under the laws of the state of Delaware, with its principal place of business in Seattle, Washington.

6. Summit Capital Partners I, LLC, is a limited liability company organized and existing under the laws of the state of Washington, with its principal place of business in Seattle, Washington.

COMPLAINT FOR DECLARATION OF
NON-INFRINGEMENT AND NON-DILUTION OF
TRADEMARK - 2
Case No.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

122606.0002/682060.3

7. Summit Capital Management LLC is a limited liability company organized and existing under the laws of the state of Washington, with its principal place of business in Seattle, Washington.

8. Summit Capital Strategies LLC is a limited liability company organized and existing under the laws of the state of Washington, with its principal place of business in Seattle, Washington.

9. Summit Special Situations Fund, LP, is a limited partnership organized and existing under the laws of the state of Washington, with its principal place of business in Seattle, Washington.

10. Summit World Partners Fund, LP, is a limited partnership organized and existing under the laws of the state of Washington, with its principal place of business in Seattle, Washington.

11. Summit Capital Group is informed and believes that SP is a limited partnership organized and existing under the laws of the state of Delaware, with its principal place of business in Boston, Massachusetts.

## FACTUAL BACKGROUND

12. Plaintiffs are affiliated Washington-based boutique financial services firms that provide asset management services to accredited investors. Plaintiffs or its affiliates have done business under the tradename SUMMIT CAPITAL PARTNERS since at least 1986. One or more of Plaintiffs registered the tradename, SUMMIT CAPITAL PARTNERS, with the Washington State corporate registry in 1996 and has used that tradename continuously, without interruption, ever since. Plaintiffs have maintained an active website under the domain name www.summitcapital.com since at least 1997. That website features the SUMMIT CAPITAL PARTNERS tradename.

13. SP, upon information and belief, is a venture capital and private equity firm that invests in companies throughout the country.

COMPLAINT FOR DECLARATION OF
NON-INFRINGEMENT AND NON-DILUTION OF
TRADEMARK - 3
Case No.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

122606.0002/682060.3

14. On September 26, 2007, SP, through its attorneys, sent a letter to one or more of Plaintiffs, a copy of which is attached as Exhibit 1. In that letter, SP claimed that Plaintiffs' use of the tradename SUMMIT CAPITAL PARTNERS infringes upon and dilutes SP's rights in various trademarks that it alleged it owned. SP demanded that Plaintiffs cease and desist their use of the tradename SUMMIT CAPITAL PARTNERS as well as any names confusingly similar to any of SP's alleged marks. SP specifically stated that Plaintiffs' use of the SUMMIT CAPITAL PARTNERS name "constitute[s] trademark infringement and unfair competition under sections 32 and 43(a) of the Lanham Act and other federal, state, and common law provisions governing trademark infringement, dilution, and unfair competition."

15. By letter dated October 26, 2007, Plaintiffs, through their attorneys, responded to SP's cease and desist letter denying any liability for infringement and requesting that SP provide certain information, including any evidence of SP's use of its claimed marks. In response, SP sent a second letter, this time to Plaintiffs' attorneys, dated December 12, 2007. A copy of that letter is attached as Exhibit 2. In that letter, SP did not respond to any of Plaintiffs' requests but instead reasserted its demand that Plaintiffs cease and desist its use of the SUMMIT CAPITAL PARTNERS name. In the same letter, SP stated that it "has always vigorously pursued its rights against entities that have infringed upon its trademarks[.]" SP further stated that, if Plaintiffs did not cease and desist their use of the name, SP would "take any necessary steps to protect [its] rights in its marks." Consequently, there is an actual controversy over Plaintiffs' right to use the name SUMMIT CAPITAL PARTNERS.

**FIRST CLAIM FOR RELIEF**

**(Declaration of Non-infringement of Trademark—28 U.S.C. § 2201)**

16. Summit Capital Group incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 above, as though set forth herein.

COMPLAINT FOR DECLARATION OF
NON-INFRINGEMENT AND NON-DILUTION OF
TRADEMARK - 4
Case No.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

122606.0002/682060.3

17. Summit Capital Group has not infringed and is not infringing, directly or indirectly, contributorily, by inducement or otherwise, any mark owned by Defendant, including any alleged trademark rights that it owns in SUMMIT CAPITAL PARTNERS.

18. Even if there were a likelihood of confusion between Summit Capital Group's use of its SUMMIT CAPITAL PARTNERS name, and any trademark allegedly owned by SP, Plaintiffs could not be held liable for trademark infringement because SP is barred by the doctrine of laches and/or other equitable doctrines from enforcing its alleged marks against Plaintiffs.

19. Accordingly, Summit Capital Group requires the judicial determination of rights and duties of the parties under the laws of the United States (including but not limited to 15 U.S.C. §§ 1114 and 1125(a)) and the common law, and a declaratory judgment that Plaintiffs' use of its marks does not infringe, directly or contributorily, any valid or protectable mark held by SP.

## SECOND CLAIM FOR RELIEF

### (Declaration of Non-Dilution of Trademark – 28 U.S.C. § 2201)

20. Summit Capital Group incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 above as though set forth herein.

21. Summit Capital Group has not diluted and is not likely to dilute, directly or indirectly, contributorily, by inducement or otherwise, any mark owned by SP, including any alleged trademark rights that it owns in SUMMIT CAPITAL PARTNERS.

22. Even if Summit Capital Group's use of the SUMMIT CAPITAL PARTNERS mark had caused or is likely to cause dilution of SP's alleged trademark, Summit Capital Group could not be held liable for trademark dilution because SP is barred by the doctrine of laches and/or other equitable doctrines from enforcing its alleged marks against Plaintiffs.

COMPLAINT FOR DECLARATION OF
NON-INFRINGEMENT AND NON-DILUTION OF
TRADEMARK - 5
Case No.

122606.0002/682060.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

23.     Accordingly, Summit Capital Group requires a judicial determination of the rights and duties of the parties under the trademark laws of the United States (including but not limited to 15 U.S.C. § 1125(c)), the laws of the State of Washington and the common law with respect to use of the SUMMIT CAPITAL PARTNERS mark, and a declaratory judgment that Summit Capital Group's use of the mark does not dilute, nor is it likely to dilute, directly or contributorily, any valid protectable design trademark allegedly owned by Defendant.

WHEREFORE, Summit Capital Group demands judgment:

1.   That the Court issue a declaration that Summit Capital Group's use of its trademarks does not infringe, directly or contributorily, any valid or protectable mark held by SP under the laws of the United States, the laws of the state of Washington, or the common law;

2.   That Summit Capital Group is not violating any rights of SP with respect to any trademark at issue;

3.   That the Court award Summit Capital Group its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(A);

4.   That Summit Capital Group be awarded its costs and attorneys' fees to the extent permitted by law; and

5.   That Summit Capital Group have such other and further relief as the Court deems just and proper.

DATED: December 27, 2007

LANE POWELL PC

By _____
Kenneth R. Davis, II, WSBA No. 21928
Attorneys for Plaintiffs

COMPLAINT FOR DECLARATION OF
NON-INFRINGEMENT AND NON-DILUTION OF
TRADEMARK - 6
Case No.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

122606.0002/682060.3

## WEIL, GOTSHAL & MANGES LLP

07 OCT 22 PM 3:13

767 FIFTH AVENUE
NEW YORK, NY 10153
(212) 310-8000
FAX: (212) 310-8007

SEP 27 2007

To: Mike Dwyer
Fax: 206.223.7107

AUSTIN
BOSTON
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

MICHAEL A. EPSTEIN
DIRECT LINE (212) 310-8432
E-MAIL: michael.epstein@weil.com

September 26, 2007

**BY FEDERAL EXPRESS**
John C. Rudolf
President & Portfolio Manager
Summit Capital Partners
One Union Square, Suite 2304
600 University Street
Seattle, WA 98101

Re:   **Summit Partners**

Dear Mr. Rudolf:

We represent Summit Partners, L.P. ("Summit Partners"), an international private equity and venture capital firm that owns numerous trademarks, service marks, and trade names, including, but not limited to, SUMMIT PARTNERS, SUMMIT CAPITAL PARTNERS and SUMMIT PARTNERS VENTURE CAPITAL FUND.

It has recently come to our client's attention that you have been using the name SUMMIT CAPITAL PARTNERS to identify your company in a way that infringes upon and dilutes Summit Partners' rights in its marks. We hereby demand that you cease and desist from using the name SUMMIT CAPITAL PARTNERS and any other names confusingly similar to any of Summit Partners' marks.

Since 1984, Summit Partners has been continuously engaged in providing financial and investment services on an international scale. Summit Partners' trademarks, service marks, and trade names have been in constant use over this period. Summit Partners has expended considerable time and resources to advertise and market services under the marks. The value of the names and marks to Summit Partners is enormous, and Summit Partners is committed to protecting the marks against unauthorized use by other entities.

Your use of SUMMIT CAPITAL PARTNERS as your company's trade name could constitute violations of federal, state, and common law provisions. We

NYI:\1510258\02\WDBM02!.DOC\76688.0009

EXHIBIT 1
Page 1 of 2

10/22/2007 MON 15:12   [JOB NO. 8465]        @001

September 26, 2007
Page 2

believe that both the mark, SUMMIT CAPITAL PARTNERS, and the services for which it is used are confusingly similar to Summit Partners' marks. Your use of SUMMIT CAPITAL PARTNERS is likely to cause confusion by mistakenly causing people to assume that your products or services either originate with Summit Partners, or are sponsored by, endorsed by, or otherwise connected with Summit Partners. Such uses therefore constitute trademark infringement and unfair competition under sections 32 and 43(a) of the Lanham Act and other federal, state, and common law provisions governing trademark infringement, dilution, and unfair competition. Your company's misappropriation and use of Summit Partners' trademarks will harm our client by causing confusion and deceiving the consuming public and relevant trade as to the correct source or sponsorship of Summit Partners' services and your services.

On behalf of Summit Partners, we hereby demand that you immediately provide written confirmation that you will immediately and permanently cease and desist from using SUMMIT CAPITAL PARTNERS as your trade name, and from any and all other uses that are confusingly similar to Summit Partners' trademarks, service marks and trade names.

If we do not receive a prompt response containing written assurances that you have complied with the foregoing, we will be forced to take appropriate action to protect our client's rights. We trust, however, that your timely cooperation and compliance with the terms of this letter will make further actions unnecessary.

By sending you this letter, Summit Partners is not waiving any of its legal or equitable rights or remedies, all of which are expressly reserved. If you have any questions, you or your attorney may contact me at (212) 310-8432, or my associate, Laura J. Protzmann at (212) 310-8587.

We look forward to your prompt response.

Very truly yours,

Michael A. Epstein

cc: Robin Devereux

## WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE
NEW YORK, NY 10153
(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

RANDI W. SINGER
DIRECT LINE (212) 310-8152
E-MAIL: randi.singer@weil.com

December 12, 2007

**BY FEDERAL EXPRESS**
Michael D. Dwyer
Lane Powell
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101-2338

Re:   **Summit Partners**

Dear Mr. Dwyer:

We are in receipt of your letter, dated October 26, 2007. We continue to maintain that your client's use of SUMMIT CAPITAL PARTNERS is infringing on Summit Partners' trademarks. Our research indicates that Summit Partners is the senior user of the SUMMIT PARTNERS trademark, and has the right to enforce its rights against confusingly similar trademarks and trade names. Our client believes that your client's use of SUMMIT CAPITAL PARTNERS is similar to its SUMMIT PARTNERS trademark and is likely to cause confusion in the marketplace.

Summit Partners has always vigorously pursued its rights against entities that have infringed upon its trademarks, and the existence of other "Summit" entities offering services unrelated to Summit Partners' business in no way undermines our client's rights. We brought this matter to your client's attention as soon as we learned that your client had begun using SUMMIT CAPITAL PARTNERS in the private equity field, which our research indicates is a far more recent endeavor than the 1984 first use date you cite in your letter. In contrast, our client has been using the SUMMIT PARTNERS trademark in the private equity and venture capital field since at least April 1984.

The similarity between your client's business and Summit Partners' business further supports our argument that the relevant consuming public would be confused -- Summit Partners, like your client, is a registered investment advisor. Despite your assertion that Summit Capital Partners does not advertise or solicit business from the public, the relevant consuming public here includes the same investors from which

EXHIBIT 2
Page 1 of 2

**WEIL, GOTSHAL & MANGES LLP**

December 12, 2007
Page 2

Summit Partners would solicit business. For further information on Summit Partners business, we refer you to its website, www.summitpartners.com.

We believe that both your client's use of SUMMIT CAPITAL PARTNERS, and the services for which it is used, are confusingly similar to Summit Partners' marks and services. We continue to assert that your client's use of SUMMIT CAPITAL PARTNERS as its trade name constitutes trademark infringement and unfair competition under sections 32 and 43(a) of the Lanham Act and other federal, state, and common law provisions governing trademark infringement, dilution, and unfair competition and will cause harm to our client.

On behalf of Summit Partners, we reiterate our demand that your client immediately provide written confirmation that it will permanently cease and desist from using SUMMIT CAPITAL PARTNERS as its trade name, and from any and all other uses that are confusingly similar to Summit Partners' trademarks, service marks and trade names. We hope to be able to resolve this matter amicably, but we will take any necessary steps to protect our client's rights in its marks.

By sending you this letter, Summit Partners is not waiving any of its legal or equitable rights or remedies, all of which are expressly reserved.

We look forward to your prompt response.

Very truly yours,

Randi W. Singer

cc: Robin Devereux

EXHIBIT 2
Page 2 of 2

NY1:\1527611\02\WQPN02!.DOC\76688.0009